**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED
DEC 15 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DeVINCHE J. ALBRITTON, #317524,

    Petitioner,

v.                                                          CIVIL ACTION NO. 2:08:cv86

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On January 26, 2005, Petitioner, DeVinche J. Albritton ("Albritton"), was convicted by a jury of one (1) count of rape and one (1) count of abduction in the Circuit Court for the City of Virginia Beach, Virginia ("Circuit Court"). Albritton was sentenced to serve fifteen (15) years in prison for the rape charge

1

and three (3) years in prison for the abduction charge, to be served consecutively, as reflected in the Court's Sentencing Order entered on April 26, 2005.

On May 6, 2005, Albritton noted his appeal to the Court of Appeals of Virginia ("Court of Appeals").[1] On November 3, 2005, Albritton filed his petition for appeal with the Court of Appeals, and on December 16, 2005, Albritton filed a replacement petition for appeal.[2] On March 7, 2006, the Court of Appeals affirmed

---

[1] Albritton noted his appeal again on May 31, 2005.

[2] The replacement petition for appeal presented the following claims:
(I) Albritton's Sixth Amendment right to a speedy trial was denied when the trial court did not dismiss the Indictment against Albritton.
(II) Albritton's right to call for and present evidence and witnesses in his favor was denied because jail officials stole his legal paper work.
(III) Albritton's right to self-representation was denied because his attorney misled him about the right.
(IV) Albritton's right to effective assistance of counsel was denied at his jury trial and when Albritton moved for a new trial.
(V) Albritton's right to a fair and impartial jury was denied because the trial court did not grant his motion for a mistrial. The motion argued that a juror's comment that she was a bail bondsman and did not know if she had ever bonded Albritton prejudiced other members of the jury.
(VI) Albritton's right to a fair trial was denied because the prosecutor committed misconduct by showing photographs to the jury and mentioning Albritton's race to the jury in the closing statement.
(VII) The trial court erred when it allowed a Sexual Assault Nurse Examiner ("SANE") expert witness to testify.
(VIII) The trial court erred by not dismissing the abduction charge.
(IX) The trial court erred by not instructing the jury on a charge of assault and battery.
(X) The trial court erred by affirming the jury's verdict because Albritton's guilt was not proven beyond a reasonable doubt

Albritton's convictions.[3] Record No. 1067-05-1. On March 15, 2006, Albritton filed a request for review by a three-judge panel. On May 25, 2006, that request was denied.

On June 5, 2006, Albritton filed his petition for appeal to the Supreme Court of Virginia. On September 28, 2006, that court summarily dismissed Albritton's petition for appeal because the

---

because the Commonwealth did not conduct drug and alcohol tests on the victim.
    (XI) The trial court erred by denying Albritton's motion for a new trial. Albritton moved for a new trial because a new witness came forward after trial. Albritton claimed on appeal that his counsel's proffer of the new witnesses's testimony was false.
    (XII) The trial court erred by denying Albritton his right to interlocutory review because he was denied a transcript of pre-trial motion hearings.

[3] In a one-judge decision, the court:
    (I) denied Albritton's first claim, that his right to a speedy trial was violated, because Albritton cited no legal authority in support of his claim;
    (II) denied Albritton's second, sixth, tenth and twelfth claims because they were not presented to the trial court;
    (III) denied Albritton's third claim because it was not raised at the trial court level;
    (IV) denied Albritton's fourth claim because claims of ineffective assistance of counsel may not be raised on direct appeal;
    (V) denied Albritton's fifth claim because the trial court was not wrong as a matter of law in instructing the jury on the matter;
    (VI) denied Albritton's seventh claim because Albritton did not object at trial to the expert's testimony;
    (VII) denied Albritton's eighth claim because there was sufficient evidence to prove Albritton committed abduction beyond a reasonable doubt;
    (VIII) denied Albritton's ninth claim because there was insufficient evidence to instruct the jury on a charge of assault and battery; and
    (IX) denied Albritton's eleventh claim because Albritton's claim on appeal was distinct from the basis of his motion for a new trial, and thus was not preserved for appeal.

petition was not timely filed. Albritton did not file a petition for rehearing on that decision, nor did he file an appeal in the United States Supreme Court.

On September 9, 2005, while his direct appeal was still pending, Albritton filed a <u>pro se</u> state petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging that he was denied direct appellate review because the trial court denied him a transcript of the hearing of his speedy trial motion. On October 21, 2005, that Court dismissed the habeas petition without prejudice because the petition was filed prematurely. Record No. 052004.

Albritton filed a second petition for a writ of habeas corpus, <u>pro se</u>, in the Supreme Court of Virginia on August 9, 2006. Albritton argued that his constitutional and appellate rights were infringed because he was denied sufficient access to the prison law library to work on his direct appeal to the Supreme Court of Virginia. On September 15, 2006, the Supreme Court of Virginia, <u>sua sponte</u>, dismissed the petition for a writ of habeas corpus as "frivolous," and, on November 16, 2006, rejected Albritton's petition for a rehearing. Record No. 061631.

Albritton then filed a third petition for a writ of habeas corpus, <u>pro se</u>, in the Circuit Court on January 5, 2007. Albritton alleged the following sixteen (16) claims for relief:

    1.    Albritton was denied his constitutional right to appellate review of the trial court's denial of his

4

    motion to dismiss the indictment because the trial court's refusal to provide Albritton with the transcript of the motion hearing violated his right to a speedy trial.

2. Albritton was denied his constitutional right to call for and present evidence and witnesses in his favor because Commonwealth personnel at the Virginia Beach Jail seized and destroyed his legal materials.

3. Albritton was denied his constitutional rights to equal protection and access to the courts because prison officials did not grant him sufficient time in the law library.

4. Albritton was denied his constitutional rights because the trial court refused to allow him to be present during the submission and discussion of jury instructions.

5. Albritton was denied his constitutional rights because the trial court failed to order and conduct a proper in-court photo-identification line up before denying his motion for a new trial. The trial court denied the motion because the new witness allegedly could not identify the victim and because an out-of-court identification would have been inadmissible.

6. Albritton was denied his constitutional rights because the trial court refused to allow the new witness to testify in his own words at the hearing on the motion for a new trial, instead relying solely upon Petitioner's counsel's false proffer.

7. Albritton was denied his constitutional rights because the prosecutor improperly published photographs of the victim's genitalia to the jury.

8. Albritton was denied effective assistance of counsel because counsel failed to inform the trial court about, and object to, the seizure and destruction of Albritton's property and legal materials by Virginia Beach Jail officials.

9. Albritton was denied effective assistance of counsel and his right to self-representation

because his counsel failed to truthfully and adequately advise him regarding his right to self-representation.

10. Albritton was denied effective assistance of counsel because his counsel failed to object to the prosecutor's improper publication of photographs to the jury.

11. Albritton was denied effective assistance of counsel because his counsel failed to object to the SANE expert when she testified beyond the limitations imposed by the trial court and the law for such testimony.

12. Albritton was denied effective assistance of counsel because his counsel failed to object to the trial court's removal of Petitioner from the courtroom during submission and consideration of proposed jury instructions.

13. Albritton was denied effective assistance of counsel because his counsel failed to submit a jury instruction that included the lesser-included offense of sexual battery.

14. Albritton was denied effective assistance of counsel because his counsel failed to file an interlocutory appeal when the trial court denied Petitioner's motion to dismiss the indictment on speedy trial grounds.

15. Albritton was denied effective assistance of counsel because his counsel, at the hearing on the motion for a new trial, failed to call the new witness to testify in his own words and instead gave a false proffer of expected testimony of the new witness.

16. Albritton was denied effective assistance of counsel because his counsel conducted an improper out-of-court identification and did not conduct a proper in-court identification.

On June 8, 2007, the Circuit Court dismissed the petition as procedurally barred and on the merits. Record No. CL07-341-01. On

August 29, 2007, Petitioner appealed to the Supreme Court of Virginia, and by order on December 20, 2007, the Supreme Court of Virginia refused the petition for appeal. Record No. 071780.

On January 28, 2008, while in the custody of the Virginia Department of Corrections at the Sussex II State Prison, Petitioner executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court conditionally filed this petition on February 15, 2008. On February 7, 2008, Albritton submitted the $5.00 filing fee, which the Court filed on February 29, 2008. On May 27, 2008, the Court ordered the petition to be deemed amended to substitute the respondent as Gene M. Johnson, Director of the Virginia Department of Corrections. On June 26, 2008, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(k). On July 9, 2008, Petitioner filed a response to Respondent's Motion to Dismiss ("Albritton's Response") and a Motion for an Evidentiary Hearing.

### B. **Grounds Alleged**

Albritton now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the same sixteen (16) reasons raised in his third state petition for a writ of habeas corpus, filed in the Circuit Court on January 7, 2007. The Circuit Court dismissed that petition as procedurally defaulted and on the merits. Record No. CL07-341-01.

## II. **PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

As a preliminary matter, the Court considers Albritton's request for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). Albritton argues that he was never afforded a fair and full opportunity to establish cause and prejudice or a fundamental miscarriage of justice as an excuse for procedurally defaulting his claims. Motion for an Evidentiary Hearing at 1. The Court has determined, however, that an evidentiary hearing is not required because the facts in the existing record are sufficient to resolve the legal issues raised. See, e.g., Rule 8 of the Rules Governing Section 2254 Cases; Beaver v. Thompson, 93 F.3d 1186, 1190 (4th Cir. 1996).[4] Accordingly, the Court DENIES Albritton's Motion for an Evidentiary Hearing.

## III. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

### A. **Procedural Default**

The Court FINDS that Albritton's sixteen (16) claims, as stated in his federal habeas petition, are procedurally defaulted.

---

[4] Beaver held that the Court will only hold a new evidentiary hearing when a petitioner

> (1) alleges additional facts that, if true, would entitle him to relief, and (2) establishes any one of the six factors set out by the [Supreme] Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) (overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992)), or one of the factors provided in 28 U.S.C. § [2254(e)].

Id.

A federal court will usually not review claims that are procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). "Where a procedural default on a state law issue in state court occurs, the defendant generally is precluded from raising that issue in a federal habeas corpus motion." Keel v. French, 162 F.3d 263, 268 (4th Cir. 1998). "However, the basis for declaring a procedural default must be an independent and adequate state ground." Id. The United States Court of Appeals for the Fourth Circuit has held Virginia Code § 8.01-654(B)(2)[5] to be an adequate and independent state procedural rule. E.g., Bassett v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). The Fourth Circuit has also ruled the procedural bar in Slayton v. Parrigan, 215 Va 27, 30, 205 S.E.2d 680, 682 (1974),[6] to be an adequate and

---

[5] Section 8.01-654(B)(2) states that "[n]o writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition." In 2005, the statute was amended and now states:

> The provisions of this section shall not apply to a petitioner's first petition for a writ of habeas corpus when the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal from a final judgment of conviction or probation revocation, except that such petition shall contain all facts pertinent to the denial of appeal that are known to the petitioner at the time of the filing, and such petition shall certify that the petitioner has filed no prior habeas corpus petitions attacking the convictions or probation revocation.

[6] Slayton holds that claims that could have been raised on direct appeal, but were not, cannot be raised on state collateral review. 215 Va. at 682.

independent state ground. E.g., Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997). A state court's finding of procedural default that rests upon a determination of state law is unreviewable even if the state court clearly misapplied state law. See Glibert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998). Furthermore, under the "look-through doctrine," the United States Supreme Court has specified that "where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The Circuit Court held that Albritton's sixteen (16) claims in his third petition for a writ of habeas corpus were procedurally defaulted pursuant to Virginia Code § 8.01-654(B)(2) because he could have raised these claims in his two prior petitions for a writ of habeas corpus. Record No. CL07-341-01. The Circuit Court also held that Claims 1, 2, 4, 5, 6, and 7 of Albritton's third petition are procedurally barred under the rule in Slayton. On appeal, the Supreme Court of Virginia summarily refused Albritton's third petition for a writ of habeas corpus. Record No. 071780. Accordingly, the Court construes the Supreme Court of Virginia's dismissal of Albritton's appeal as relying on the same procedural bar relied on by the Circuit Court. Ylst, 501 U.S. at 803.

Based on the foregoing, the Court FINDS that all of Albritton's sixteen (16) claims are procedurally defaulted under

Virginia law and are therefore barred from this Court's review. Bassett, 915 F.3d at 936-37; Mu'Min, 125 F.3d at 196.

### B. Cause and Prejudice

Although Albritton's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. Clagett v. Angelone, 219 F.3d 370, 379 (4th Cir. 2000)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999). Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). It is Petitioner's burden to establish the miscarriage of justice exception by providing new evidence that but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F.Supp.2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

Albritton has not argued that his procedural default should be excused due to cause and prejudice, but Albritton has asserted that he qualifies for the miscarriage of justice exception. Albritton's Response at ¶¶ 31, 32. Albritton argues that the Court should hear Claims 1, 2, 5, and 6 of his petition for a writ of habeas because

11

failing to do so would result in a fundamental miscarriage of justice. Id. Albritton has not, however, established that but for the asserted constitutional errors, no reasonable juror would have found him guilty, see Hazel, 303 F.Supp.2d at 761, because his claims are merely conclusory in nature.[7]

Therefore, the Court FINDS that the miscarriage of justice exception does not apply to Claims 1, 2, 5, and 6. Therefore, the Court recommends that Albritton's entire petition be DENIED and DISMISSED.

### IV. RECOMMENDATION

For the foregoing reasons, having denied Albritton's motion for an evidentiary hearing, and having found that Albritton's sixteen (16) claims are procedurally defaulted pursuant to independent and adequate state law, the Court recommends that Albritton's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Albritton's claims be DISMISSED WITH PREJUDICE.

Albritton has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is

---

[7] See Albritton's Response at ¶ 31 ("Albritton argues that concerning his Claims #5 and #6, the Rule of Slayton should not apply, due to the fact that each claim presents an instance that a miscarriage of justice had resulted, as . . . he has never been afforded the fair and full opportunity to have litigated either claim."); id. at ¶ 32 ("Consequently, Albritton has established a fundamental miscarriage of justice concerning his Claims #1 and #2, . . . as he was never afforded a fair and full opportunity to raise them at trial and on appeal."

recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ [signature]
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 15 2008

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

DeVinche J. Albritton, #317524
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891
PRO SE

Virginia Bidwell Theisen
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: *[signature]*
Deputy Clerk

December 15, 2008

15